**Guy F. DUVALL, Jr., and wife, Bertha Duvall, Plaintiffs-Appellees,**

v.

**Claude R. JONES, Defendant-Appellant.**

Court of Appeals of Tennessee, Western Section, at Jackson.

April 16, 1984.

Application for Permission to Appeal Denied by Supreme Court June 11, 1984.

Don G. Owens, Jr., Memphis, for appellant; Joe H. Walker, Jr., Ripley, of counsel.

C. Craig Fitzhugh, Caldwell & Fitzhugh, Ripley, for appellee.

MATHERNE, Special Judge.

In this lawsuit for damages due to personal injuries, the defendant conceded liability for the automobile accident out of which the injuries arose. On the issue of damages the jury awarded Guy F. Duvall $25,000.00 and held that his wife Bertha Duvall was not entitled to any amount in her suit based upon loss of consortium.

The verdicts were approved by the trial judge and the defendant appeals under the following issues:

(1) did the trial judge commit reversible error when he permitted the jury, at its request, to have the depositions of two doctors during deliberations, the depositions having been read to the jury; and

(2) is there material evidence in the record to support the verdict in the amount of $25,000.00?

The trial judge in civil cases may in his discretion, on motion of either party, upon his own motion or on request by the jury, submit all exhibits admitted in evidence to the jury for their consideration during deliberations on their verdict. T.C.A. § 20-9-510. The issue is thus narrowed to the proposition of whether the trial judge abused his discretion in permitting the jury to have the depositions of the two doctors during their deliberations.

In *Newsom v. Markus*, (Tenn.App.1979) 588 S.W.2d 883, the jury during deliberations in a personal injury case requested the exhibits reflecting medical expenses. The court held that the trial judge did not abuse his discretion in refusing the request. In *Fletcher v. Coffee County Farmers Co-Op*, (Tenn.App.1981) 618 S.W.2d 490, the court upheld the trial judge's refusal to submit the plaintiff's deposition to the jury during deliberations. *Fletcher* dealt with a breach of warranty problem and the court held the submission of the deposition was discretionary with the trial judge.

In the instant case the trial judge submitted the deposition to the jury. The defendant claims this to be reversible error and relies upon the reasoning stated in *Sinard v. Harris*, (1911) 2 Higgins 486, wherein the court held:

> To permit such course would be, as many courts point out, and as noted by the authorities already cited, to permit an undue advantage on behalf of the party who has introduced the writing so taken. As pointed out by our Supreme Court ... it is natural that the jury should give to such writings taken out with it "more probative force than their recollection" of what had been said orally, or, as said in a note found on page 478 of Abott's Civil Trial Briefs, the reason for withholding such writings from the jury where part of the evidence has been oral is "that the testimony which they contain if read and reread by the jury would otherwise have an unfair advantage over the oral testimony by speaking to the jury more than once."

Here, the only medical proof presented is the depositions of the two doctors. Had there been another doctor who testified orally, the reasoning set out in *Sinard* might be applicable. However, where the total expert evidence on the subject is in the form of depositions which were read to the jury, we see no objection to letting that body take that total evidence into the jury room. The depositions were material to the issue of damages, and we hold that the trial judge did not err in permitting their use by the jury during deliberations.

 The accident happened on July 24, 1981, when the defendant ran his vehicle into the left rear of the plaintiff's vehicle. The plaintiff experienced pain in his right arm and went to a doctor. The plaintiff was referred to Dr. Richard L. DeSaussure, Jr., a neurosurgeon in Memphis, Tennessee. Dr. DeSaussure diagnosed the plaintiff's condition as probably a bursa in his shoulder and gave him some medication. The plaintiff returned to Dr. DeSaussure on November 19, 1981, complaining of pain and stating that the medicine did not help him. On that occasion Dr. DeSaussure determined that a myelogram should be performed. The results of the myelogram ruled out a cervical disc. Dr. DeSaussure's final diagnosis was bursitis and a whiplash injury. Dr. DeSaussure testified that the whiplash injury was consistent with the automobile accident as described by the plaintiff. The plaintiff was seen again by Dr. DeSaussure on December 16, 1981, and June 14, 1982. The plaintiff continued to complain about pain and stated that he thought he was getting worse. Dr. DeSaussure recommended exploratory surgery, which the plaintiff refused.

In June 1982 the plaintiff went to his family physician, Dr. L.C. Sammons. The doctor found weakness in the plaintiff's grip and muscle atrophy of the right arm. The doctor diagnosed the plaintiff's condition as a probable nerve root compression which was consistent with the facts of the accident. Dr. Sammons put the plaintiff on a program of home traction which he described as painful. Dr. Sammons continued to see the plaintiff throughout 1982 and into 1983. The plaintiff made some recovery and Dr. Sammons stated that the plaintiff would have a 25% permanent impairment of the right arm. He stated that the plaintiff had carried out his instructions above and beyond what one would expect from other patients.

The record establishes that prior to the accident the plaintiff was a very active individual. He operated an auto parts store, farmed, worked around his house and enjoyed fishing. The plaintiff states that because of the injury he cannot now do manual labor, he had to give up his auto parts business and he has been without income since June 1982. The plaintiff says he still suffers pain in his right arm and that he is now in a program of daily traction as ordered by his doctor. Prior to the accident plaintiff realized about $10,000.00 to $11,000.00 per year from his auto parts store. The plaintiff's medical expenses total about $2,500.00.

We hold that there is ample material evidence upon which the jury could have based its verdict in the amount of $25,-000.00. The defendant claims that because Dr. Sammons said he would defer to the opinion of Dr. DeSaussure as to the plaintiff's condition, that Dr. Sammons' deposition should be ruled out of the evidence. We disagree and hold that the statement by Dr. Sammons would go only to the weight the jury would give his testimony.

It results that the judgment of the trial court is affirmed. The cost in this court is adjudged against the defendant-appellant for which execution may issue, if necessary.

TOMLIN and CRAWFORD, JJ., concur.